UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



APR 2 8 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

UNITED STATES OF AMERICA,

                                  Plaintiff,

    v.                                      Action No. 3:08–CR–39

EDD A. HICKS,

                                Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant's Motion to Suppress (Docket No. 21), filed April 5, 2009. Hicks asks this Court to suppress evidence collected from his person after a search of a home in which he was present conducted pursuant to a search warrant issued by a state magistrate. For the reasons that follow, the Court will DENY the Motion to Suppress.

## I. BACKGROUND

While on patrol during the ten o'clock hour on the night of December 28, 2008, Officers Ralph Mills ("Mills") and Wayne Graves ("Graves") as well as Sergeant Greer Gould ("Gould") (collectively, "Officers") of the Richmond Police Department observed an individual riding a bicycle ("Cyclist") at the 2200 block of Parkwood Avenue in the City of Richmond. The Cyclist operated the bicycle without a light, so the Officers attempted to stop him. Instead of stopping, the Cyclist fled, and the Officers lost sight of him.

1

Attempting to locate the Cyclist, the Officers circled the block through an alley behind 2325 Parkwood Avenue. At this point, they observed an individual standing on the upstairs porch of 2325 Parkwood Avenue, Apartment C ("Apartment") with a bicycle. The Officers could not determine whether or not this person was in fact the Cyclist. When the individual standing on the porch saw the Officers, he entered the back door of the Apartment. Mills remained in the alley while Graves and Gould went to the front door to determine whether the Cyclist who had earlier fled had now sought refuge in the apartment. Mills then observed three individuals exiting the Apartment through its back door. These individuals froze in place upon noticing Mills standing down below. One of the individuals then turned his back to Mills and made a movement over a couch located on the back porch. According to Mills, it looked as if the individual was manipulating something in his hand. Afterward, all three individuals reentered the apartment through the rear door.

Shortly thereafter, Gould radioed Mills to inform him that the Officers had obtained consent to enter the apartment, so Mills climbed the stairs to enter the rear door. Once on the back porch, Mills observed what appeared to be crumbled crack cocaine and ripped plastic bag corners scattered in plain view on the couch. After speaking to Gould, Mills gathered these items.

While the other Officers[1] secured the apartment, Mills presented a search warrant affidavit to a state magistrate. (See Gov't's Mem. Opp'n Mot. Suppress Ex. A.) The affidavit recounted the basic facts as set out above. (Id. at 4.) Based on the information contained in

---

[1]Defendant refers to an "Officer Warner" not mentioned by the Government. (See Def.'s Mem. Supp. Mot. Suppress. 2.)

the affidavit, the magistrate signed the warrant, thereby authorizing a search of "the entire residence located in 2325 Parkwood Avenue Apartment C and all person [sic] located therein" for "[c]ocaine, packaging material, or any other paraphernalia that is used for the injesting/smoking [sic] of cocaine or used for the packaging or possessing of cocaine" and "[a]ny documents indicating residency of the dwelling." (Id. at 1.)

Shortly thereafter, Mills executed the search warrant and found, among other items, 9.921 grams of cocaine base on the person of Defendant. This evidence Defendant now seeks to suppress.

## II. LEGAL STANDARD

The Fourth Amendment ensures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated" and that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. With regard to searches, "reasonableness requires probable cause and a warrant[,] unless one of the exceptions to the warrant requirement applies." Doe v. Broderick, 225 F.3d 440, 451 (4th Cir. 2000) (citing Katz v. United States, 389 U.S. 347, 357 (1967)). Before issuing a warrant, a magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1938). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ...

3

conclud[ing]' that probable cause existed." Id. at 238-39 (citing Jones v. United States, 362 U.S. 257, 271 (1960)).

## III. DISCUSSION

Defendant argues that the magistrate issued an overbroad warrant because the affidavit submitted does not support probable cause as to "all person[s]" on the premises of the Apartment.

This argument strains reason.  Based on the facts and reasonable inferences to be drawn therefrom, the magistrate had, considering the totality of the circumstances, see Gates, 462 U.S. at 230-31, a substantial basis for concluding that probable cause existed for a search of the Apartment and all the persons located therein.  Id. at 238-39.  After the Cyclist fled, the Officers observed an individual with a bike in the immediate area.  A reasonable officer could assume, absent information to the contrary, that this individual may have been the Cyclist.  This individual, after seeing the Officers, avoided them:  first by entering the apartment, then by leaving the apartment with two other individuals when two of the Officers arrived at the apartment's door, and finally by reentering the apartment upon noticing Mills remained outside.  Moreover, Mills observed a member of the group crushing and scattering what appeared to be crack cocaine on a couch outside the home—ostensibly in a failed effort to eliminate evidence of its possession.  This contraband remained in plain view on the back porch where Mills observed it after the officers obtained consent to enter the Apartment.  The flight, the evasive behavior, and the observation of the contraband discarded by members of the group would suggest to a reasonable officer that she or he

4

might discover evidence of a crime in the apartment, on persons who had heretofore been evasive, or both.  More to the point, and determinative for the instant matter, this information provided the magistrate a substantial basis for determining probable cause existed when he signed the search warrant.

Relying on <u>Ybarra v. Illinois</u>, 444 U.S. 85, 91 (1979), Defendant complains that the warrant should not have allowed a search of all the individuals on the premises.  However, that case can clearly be distinguished from the instant facts.  There, the police had a warrant to search two individuals in a public tavern, but they executed searches of all persons on the premises without sufficient probable cause to do so.  Here, the police sought permission via a search warrant, as required in the absence of an exception, to search all persons in a private residence where they had observed illegal contraband in plain view.  It is reasonable to infer that individuals congregating in a private residence, having twice retreated collectively from the presence of the police, may be participating collectively in some illegal activity related to the contraband already seized on the premises and that further evidence of illegal activity may be found on the premises.

Moreover, the Court notes that even if it were to determine that the magistrate lacked a substantial basis for finding probable cause upon which the warrant could be based, nothing in the facts presented demonstrates (1) "the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) "the issuing magistrate wholly abandoned his judicial role"; (3) the affidavit "so lack[ed] indicia of probable cause as to render official belief in its

5

existence entirely unreasonable"; or (4) the warrant was "so facially deficient . . . that the executing officers [could] not reasonably presume it to be valid." United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004) (citing United States v. Leon, 468 U.S. 897, 923 (1984)). Therefore, the Leon exception would apply.

## IV.  CONCLUSION

For the foregoing reasons and those stated from the bench, the Court will DENY Defendant's Motion to Suppress.

It will be SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 27th day of April 2009